```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

MARC KILLAM,

        Plaintiff,

v.                               Case No.: 8:16-cv-2915-T-33TBM

AIR AND LIQUID SYSTEMS, INC.,
ET AL.,

        Defendants.
_____/

**ORDER**

This cause is before the Court pursuant to Motions to Dismiss filed by the following Defendants: Air and Liquid Systems, Inc. (Doc. # 37), Aurora Pump Company (Doc. # 38), IMO Industries, Inc. (Doc. # 39), Velan Valve Corp. (Doc. # 40), Warren Pumps, LLC (Doc. # 41), Crane Co. (Doc. # 53), Goulds Pumps, Inc. (Doc. # 56), Electrolux Home Products, Inc. (Doc. # 57), Strahman Valves, Inc. (Doc. # 65), and Carrier Corp. (Doc. # 89).  All Motions are ripe for the Court's consideration and are denied without prejudice as moot based on the Court's direction that Killam file an Amended Complaint by January 30, 2017, as discussed herein.

**I.  Background**

Killam served in the U.S. Navy from 1973 to 1977, aboard the USS McCandless while at sea and in the Philadelphia Navy Yard. (Doc. # 2 at ¶ 3).  He alleges that, as a boiler tender,

he "removed and replaced asbestos gaskets, block, refractory, castable, pipe covering, insulating cement, packing and/or spray from valves, boilers, pumps, and/or other miscellaneous machinery, and/or worked near others who did." (Id.). In the performance of his duties, he "cut, scraped, chipped, mixed, pulled and/or sawed these items," and during each job he "regularly inhaled" asbestos dust. (Id.). He also "ingested or otherwise absorbed large amounts of asbestos fibers." (Id. at ¶ 4).

Killam alleges that Air and Liquid Systems, Inc., Aurora Pump Company, Carrier Corp., CBS Corporation, Crane Co., Cochrane Corporation, Dravo Corporation, Electrolux Home Products, Inc., Flowserve US, Inc., Foster Wheeler Energy Corporation, General Electric Company, G.G. of Florida, Inc., Gould Pumps, Inc., IMO Industries, Inc., Ingersoll-Rand Company, ITT Corporation, John Crane, Inc., Johnson Controls, Inc., Metropolitan Life Insurance Co., Strahman Valves, Inc., Velan Valve Corp., and Warren Pumps, L.L.C. "manufactured, sold, distributed, installed or promoted" the asbestos products with which he came into contact. (Id.). He also alleges that from 1978 to 1980, he was an auto mechanic and "breathed asbestos dust emanating from products for which Defendants Honeywell International, Inc. and Flowserve USA,

Inc. have responsibility." (Id. at ¶ 5).

In December of 2015, Killam learned that he has "Asbestosis, and at a subsequent time, learned said disease was wrongfully caused." (Id. at ¶ 55). On September 26, 2016, Killam filed a Complaint against the above-captioned Defendants in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. (Doc. # 2). Killam's Complaint contains the following counts, each asserted against all Defendants: (1) negligence, (2) strict liability, (3) "Conspiracy Against All Defendants in Collusion with Metropolitan Life Insurance Company," and (4) fraudulent inducement. (Id.).[1] Crane Co. removed the case to this Court on October 13, 2016, pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446. (Id.). Killam sought an Order of remand (Doc. # 103), which the Court denied. (Doc. # 164).

The Court now addresses the Motions to Dismiss filed by the above-captioned Defendants. The Motions seek dismissal of

---

[1] The record reflects that Killam has not yet served Metropolitan Life Insurance Company. "The Court is persuaded by the ample authority that holds when an action is removed from state court, the 90-day period [for service] begins to run on the date when the action is removed to federal court." Mochrie v. RJ Reynolds Tobacco Co., No. 2:16-cv-306-FtM-38CM, 2016 U.S. Dist. LEXIS 157075, at *8 (M.D. Fla. Nov. 14, 2016). Here, the date of removal is October 13, 2016. The 90-day deadline for serving Metropolitan Life Insurance Company therefore expires on January 11, 2017.

the Complaint, which was originally filed in state court, on a variety of substantive and procedural grounds. A majority of the Defendants argue that the Court lacks personal jurisdiction and seek dismissal under Federal Rule of Civil Procedure 12(b)(2). Because "[a] court without personal jurisdiction is powerless to take further action," the Court will begin its analysis with a discussion of personal jurisdiction. Posner v. Essex Ins. Co., 178 F.3d 1209, 1214 n.6 (11th Cir. 1999).

## II. Rule 12(b)(2) Personal Jurisdiction

A Rule 12(b)(2), Fed. R. Civ. P., motion to dismiss challenges the trial court's power to assert jurisdiction over the defendant. A plaintiff, such as Killam, seeking to assert personal jurisdiction over a nonresident defendant "bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249, 1257 (11th Cir. 2010). "A prima facie case is established if the Plaintiff presents enough evidence to withstand a motion for directed verdict." Consol. Dev. Corp. v. Sherritt, Inc., 216 F.3d 1286, 1291 (11th Cir. 2000). The Court must accept as true the facts alleged in the Complaint. Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990).

Because the Complaint was filed in state court and Killam presumably did not anticipate removal predicated upon federal officer jurisdiction, the Complaint is devoid of factual allegations to satisfy Rule 12(b)(2), Fed. R. Civ. P., or other federal requirements (such as constitutionally minimum contacts and due process concerns of fair play and substantial justice). See Int'l Shoe Co. v. Wash., 326 U.S. 310, 316 (1945); Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985).

In addition, Killam failed to include any factual allegations aimed at satisfying either the general or specific prongs of Florida's long-arm statute, § 48.193. "As a conceptual matter, personal jurisdiction can arise either specifically or generally from a defendant's contacts with the forum state. General jurisdiction arises from contacts with the forum that are not directly related to the cause of action being litigated, while specific jurisdiction is founded on activities in the forum that are related to the cause of action at issue." Estate of Miller v. Toyota Motor Corp., No. 6:07-cv-1358-Orl-19DAB, 2008 U.S. Dist. LEXIS 13300, at *8 (M.D. Fla. Feb. 22, 2008)(internal citations and quotation marks omitted).

"The burden of proving the right to proceed under the Florida long-arm statute is initially upon the plaintiff; the

plaintiff must allege facts that bring the defendant within the parameters of the statute." <u>Bullard Abrasives, Inc. v. Taiwan Resibon Abrasive Prods., Co., Ltd.</u>, 8:09-cv-199-T-30TGW, 2009 U.S. Dist. LEXIS 55242, at *5 (M.D. Fla. June 15, 2009). "If a plaintiff has pled a basis for jurisdiction, it is incumbent upon a defendant who wishes to challenge jurisdiction to do so by an appropriate motion and an attached, legally sufficient affidavit or other sworn proof." <u>Id.</u> "Once, that occurs, the burden shifts to the plaintiff to refute the defendant's affidavit by filing its own affidavit or other sworn proof." <u>Id.</u> at *6. "If the plaintiff fails to refute the legally sufficient factual assertions set forth in the defendant's affidavit, the defendant's motion challenging personal jurisdiction must be granted." <u>Id.</u>

The Complaint, Motions to Dismiss, and Responses thereto present a disconnect in which specific jurisdictional facts are neither alleged nor challenged. As for Killam, he discusses exposure to asbestos in Pennsylvania from 1973-1977, and in Massachusetts from 1978-1980, as well as a diagnosis with Asbestosis in Florida in 2015. (Doc. # 2 at ¶¶ 2, 5, 55). The Complaint identifies the Defendants as "foreign defendants," but Killam does not provide a sufficiently detailed discussion in the Complaint or in response to the

Motions to Dismiss as to what provides this Court with personal jurisdiction over any one of the Defendants.

For example, in response to Aurora Pump Company's Motion to Dismiss, Killam claims: "Plaintiff alleged in his complaint that Aurora Pump engages in business in Florida. *See* Compl. ¶ 9. If the facts of the complaint are taken as true, Plaintiff has pled a prima facie case for jurisdiction pursuant to Florida's long arm statute." (Doc. # 112 at 5). However, ¶ 9 of the Complaint does not allege that Aurora Pump Company "engages in business in Florida." Instead, ¶ 9 of the Complaint alleges: "Defendant Aurora Pump Company is a foreign corporation organized in North Carolina and authorized to do business in the State of Florida." (Doc. # 2 at ¶ 9). To accept Killam's argument, the Court would have to assume that being "authorized to do business in the State of Florida" is the same as "operating, conducting, engaging in, or carrying on a business or a business venture in [Florida] or having an office or agency in [Florida]." Fla. Stat. § 48.193(1)(a)(1). The Court is unable to make this leap. In fact, in <u>Dinsmore v. Martin Blumenthal Associates, Inc.</u>, 314 So. 2d 561, 564 (Fla. 1975), the Florida Supreme Court instructed: "In order to determine whether jurisdiction can be acquired over the nonresident defendants pursuant to § 48.191(1), it is

7

necessary to determine whether the individual or corporate defendant, was carrying on a business or business venture in this State." Id.  That Court specifically ruled: "The mere giving of a listing to do business . . . in Florida by a nonresident . . . does not indicate a general course of business activity in this State." Id.

In addition, perhaps also grappling with the vague or absent allegations regarding personal jurisdiction in the Complaint, the Defendants have not filed affidavits or other sworn documents challenging personal jurisdiction nor have they presented specific arguments regarding personal jurisdiction. As an example, Aurora Pump Company provides the following discussion in its Motion to Dismiss:

> Aurora is not a Florida Corporation, nor does it have its principal place of business in Florida. There are no allegations that Aurora maintains 'continuous and systematic contacts' with Florida so as 'to render [it] essentially at home in the forum State.'  In addition, the Complaint fails to allege that Aurora has sufficient relevant minimum contacts to render it subject to jurisdiction in this action.

(Doc. # 38 at 5).[2]

The Court agrees that the Complaint, as pled, does not

---

[2] A number of Defendants have adopted and joined in Aurora Pump Company's Motion to Dismiss, as well as various Motions to Dismiss filed by other Defendants. See (Doc. ## 46, 48, 56, 64, 77, 79, 122).

contain sufficient factual allegations regarding personal jurisdiction. Yet, the Court recognizes that Killam's Complaint has been plucked from state court and thrust into the federal forum. Therefore, the Court sua sponte grants Killam the opportunity to file an Amended Complaint by **January 30, 2017**, containing specific allegations that provide the Court with a basis for exercising personal jurisdiction over each named Defendant. In the instance that any Defendant wishes to challenge the assertion of personal jurisdiction in response to the Amended Complaint, that Defendant should provide specific arguments and attach an affidavit to the Motion to Dismiss.[3] In addition, the Court takes this opportunity to mention some guiding principles for Killam moving forward.

### III. <u>Rules 8 and 9, Fed. R. Civ. P.</u>

Federal Rule of Civil Procedure 8 requires that a Complaint contain a short and plain statement of the claim demonstrating that the plaintiff is entitled to relief. However, fraud claims, such as those asserted in counts three

---

[3] Of all the Defendants that challenged personal jurisdiction, Dravo Corporation is the only Defendant that attached an affidavit to its Motion to Dismiss. (Doc. # 151). Notably, Killam "dropped" Dravo Corporation (Doc. # 165) and Dravo Corporation has been dismissed from the action without prejudice. (Doc. # 166).

9

and four, are subject to Rule 9(b)'s heightened pleading requirements. Rule 9(b) provides that "[i]n allegations of fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The Eleventh Circuit has held that Rule 9(b)'s fraud particularity requirement is met as long as the complaint sets forth

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001).

"When, as here, a fraud claim involves multiple defending parties, the claimant must make specific and separate allegations against each defendant." Vallina v. Mansiana Ocean Residences LLC, No. 10-cv-21506, 2011 U.S. Dist. LEXIS 157707, at *21 (S.D. Fla. June 17, 2011)(citing Haskin v. R.J. Reynolds Tobacco Co., 995 F. Supp. 1437, 1440 (M.D. Fla. 1998)(dismissing a complaint for failing to satisfy Rule 9(b) when it referred to "defendants" generally and did not differentiate among them)).

In evaluating Killam's Complaint, in which he alleges

that he suffered bodily harm due to the actions and inactions of a host of undifferentiated Defendants, the Court is reminded of the complaint in <u>Jackson-Platts v. McGraw-Hill Companies, Inc.</u>, No. 8:13-cv-850-T-23MAP, 2013 U.S. Dist. LEXIS 175642 (M.D. Fla. Nov. 8, 2013). There, the decedent's estate sued a vast "array of conspirators" in multiple lawsuits after the decedent suffered from neglect at a nursing home and ultimately died. <u>Id.</u> at *2. The court dismissed the complaint after finding that it contained confusing, conclusory assumptions instead of targeted, fact specific-allegations:

> Although alleging an encompassing, malevolent, and predatory scheme, the complaint provides the reader with little or nothing on which to conclude that the allegations arise from a sound factual basis . . . . The constant attribution of acts to "the Defendants" and "the Co-Conspirators" disguises much information necessary to glean the meaning, if any, of the allegations. The almost entire absence of allegations of time, place, and manner and the pertinent absence of the identity of the particular actors is wholly disabling to the disinterested reader.

<u>Id.</u> at *13. In a similar vein, Crane Co. argues in its Motion to Dismiss that Killam "has commingled generalized allegations against approximately twenty-two (22) Defendants rendering it impossible for Crane Co. to provide a meaningful answer to the overbroad and vague allegations directed against all

11

Defendants." (Doc. # 53 at 2). Crane Co.'s argument is well-taken.

In addition, Killam is reminded that a complaint's allegations must include "more than an unadorned, the-defendant[s]-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In preparing his Amended Complaint, and particularly with respect to any fraud claims, Killam is instructed to provide specific allegations giving each Defendant notice of the conduct in question that may entitle Killam to relief. Killam is not permitted to "lump" all Defendants together in "boundless, amorphous general allegations of 'fraud.'" Haskins, 995 F. Supp. at 1439.

As noted, Killam is authorized to file an Amended Complaint by **January 30, 2017**, to correct the deficiencies noted herein. The Court denies the pending Motions to Dismiss without prejudice as moot (Doc. ## 37, 38, 39, 40, 41, 53, 56, 57, 65, 89), pending the filing of Killam's Amended Complaint.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Marc Killam is authorized to file an Amended Complaint, consistent with the foregoing, by **January 30, 2017.**

(2) The pending Motions to Dismiss (Doc. ## 37, 38, 39, 40, 41, 53, 56, 57, 65, 89) are **DENIED WITHOUT PREJUDICE AS MOOT**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 12th day of January, 2017.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE